NO. 8282.

STATE OF LOUISIANA

SUCCESSION OF

COURT OF APPEAL

WIDOW JONAS V. MARTIN.

PARISH OF ORLEANS.

- - - - - - - - - -

OPINION.

By his Honor John St. Paul.

On Motion to Consolidate: The appellant has moved to consolidate this appeal with the appeal in No. 8302, entitled " P. J. Flanagan, Administrator Vs Land Development Co," on the ground that the two appeals are so intimately connected that they should be heard and disposed of together. But Motions to Dismiss have been made in both appeals; and hence the motion to consolidate is premature. For it may be that this appeal or the other, or both, will be dismissed; and we cannot entertain a motion to consolidate two appeals until we have first determined to entertain them both. The Motion to Consolidate is therefore denied at this time.

On Motion to Dismiss; I. The first ground urged is that this appeal was taken in one case whilst the judgment appealed from was rendered in a different case. There is no merit in this contention. It appears that in the court below there was some carelessness which has resulted in mixing up the titles of two cases intimately connected; but the fact remains that on April 1st Judge Rogers of the Civil District Court rendered the judgment herein complained of, and on April 19th the same Judge Rogers, granted this appeal from that same judgment, describing

692

it so minutely by number, date and substance, that there can be no mistaking what judgment was appealed from, despite the confusion in titles in the written motion of appeal. That is sufficient. C. C. 573.

2. The next ground urged is that the transcript is not complete because certain pleadings, etc, were not brought up. Under Act 229 of 1910, p. 388, a defective transcript is no longer ground for dismissing an appeal. The remedy is to supplement the transcript by bringing up the missing parts; Hayne vs Assessors, 143 La 697 (701). In this case the missing portions are already physically before us, towit, in the appeal No. 8302, above mentioned.

3. The third contention is that this court has no jurisdiction over this appeal, as it involves the execution of a judgment of the Supreme Court. Granted, generally (but with certain qualifications, presently immaterial) that no inferior court can prevent or hinder the execution of a judgment of the Supreme Court; nevertheless it is quite a different thing when the question presented is not whether the judgment of the Supreme Court shall or shall not be executed, but whether the method of execution actually pursued is appropriate to a particular judgment (whether rendered by the Supreme Court or by any other

court); for instance whether a writ of *Fi Fa* is an appropriate method of executing a moneyed judgment against a succession or an insolvent. And such is the question herein presented; wherein the jurisdiction, original or appellate, is governed (as in other cases) by the amount and nature of the controversy.

4. Another contention is, that the amount herein involved is above the jurisdiction of this court; for this, towit, that if the value (or alleged value) of the property seized is the test of jurisdiction in a suit to enjoin such seizure, then the property seized herein is a suit upon such an alleged claim for $2970, which exceeds the juriddiction of this court. But in an injunction suit to restrain a seizure, where the right to the writ itself is involved, the matter in controversy and test of jurisdiction is the amount of the writ and not the value of the property seized. Munday vs Lyons, 35 An 990. And here the very right to the writ is questioned since it is claimed that a writ of *Fi Fa* cannot issue at all against a succession.

5. Or else the amount involved is below the jurisdiction of this court; for this, towit, that the writ (balance due thereon) amounts to $171,73, against which appellant claims a credit of $74, leaving only $97,73 in controversy.

But as appellee has no where <u>confessed</u> that the $74 is truly due appellant as a credit, it follows that the writ still calls for, and the appellee is still seeking to recover, the full sum of $171,73; which is therefore the amont in controversy and test of jurisdiction.

The Motion to Dismiss is therefore Denied.